UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00204-JMS-MJD |
| | ) |
| WABASH VALLEY CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shawn Williams' petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as WVS 19-01-0014. For the reasons explained in this Entry, Mr. Williams' petition is **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

WVS 19-01-0014 began with the following conduct report, which Officer J. Wilson wrote on January 24, 2019:

> On 01-24-19 at approximately 12:55 pm I Officer J. Wilson did advise offender Williams, Shawn #178128 to submit to a full drug screen and that he has (2) two hours to provide a urine sample for a full drug screen.
>
> Offender Williams refused to acknowledge my presence and refused to answer me when I stated that he needed to submit to the drug screen.

Dkt. 5-1. Lieutenant R. Yarber signed the conduct report at 2:00 P.M.—about an hour and five minutes after Officer Wilson ordered Mr. Williams to produce a urine sample within two hours. *Id.*

Officer C. Orndorff also prepared a written statement dated January 24, 2019:

> 12:55 offender Williams asked to submit to a drug screen. Offender Williams refused and placed in holding cell on A-East until the nurse can do blood work.

Dkt. 5-2.

On January 29, 2019, Officer L. Wadhuan attempted to issue Mr. Williams a screening report notifying him that he was charged with refusing to submit to testing in violation of Code 203. Dkt. 5-3. The screening report indicates that Mr. Williams refused to participate in the screening process and that Officer Wadhuan mailed him a copy of the report instead. *Id.* Because he refused to participate in screening, Mr. Williams did not request to call any witnesses or present any evidence at his disciplinary hearing. *Id.*

WVS 19-01-0014 proceeded to a hearing on February 1, 2019. Dkt. 5-5. The hearing officer's report indicates that Mr. Williams declined to make any statement in his defense. *Id.* It does not indicate that Mr. Williams requested to call witnesses or present evidence. *Id.* The hearing officer found Mr. Williams guilty based on the conduct report and Officer Orndorff's statement. *Id.*

The hearing officer issued sanctions, including the deprivation of 41 days' earned credit time. *Id.* Mr. Williams filed administrative appeals asserting that Officer Orndorff's statement showed that he offered to submit to testing but was denied the opportunity to do so. *See* dkts. 5-6, 5-7. These appeals were denied. *See* dkts. 5-6, 5-7, 5-8.

### III. Analysis

Mr. Williams' petition raises only one ground for relief, which simply states, "wittness [sic] statement." Dkt. 1 at 3. Mr. Williams does not elaborate on this issue in his petition, and he has not filed any other documents in support of his petition.

The record does not indicate that Mr. Williams ever requested to present witness testimony at his hearing. Accordingly, the Court does not understand the petition to assert that Mr. Williams was wrongly denied his due-process right to present evidence in his defense. Rather, the Court understands Mr. Williams to argue—as he did in his administrative appeals—that Officer Orndorff's witness statement shows he did not refuse to submit to testing.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

An inmate can violate Code 203 by refusing "to submit to a test to determine the presence of alcohol or a controlled substance as ordered by staff, including failure to provide an adequate

3

or unadulterated specimen for testing purposes." Dkt. 5-9 at § 203. Standing alone, Officer Wilson's conduct report is not evidence that Mr. Williams violated Code 203. The conduct report documents that Officer Wilson ordered Mr. Williams to produce a urine sample within two hours and that Mr. Williams refused to acknowledge or answer Officer Wilson. Dkt. 5-1. The conduct report does not indicate that Mr. Williams stated that he would not produce a sample. *Id.* Moreover, the conduct report does not indicate that Mr. Williams failed to produce a sample within the two hour period as ordered, given that Officer Wilson drafted the conduct report and submitted it for approval an hour and five minutes into that period. *Id.*

To be sure, the conduct report documents that Mr. Williams behaved disrespectfully and that he did not produce a urine sample immediately. But it does not indicate that Mr. Williams acted contrary to Officer Wilson's order.

However, when the conduct report and Officer Orndorff's statement are read together, they satisfy the "some evidence" standard and support the hearing officer's conclusion that Mr. Williams refused to submit to testing. Officer Orndorff stated that Mr. Williams "refused" to submit to a drug screening and that he was "placed in [a] holding cell" until a nurse was available to draw his blood. Dkt. 5-2. The conduct report clearly documents that Officer Wilson ordered Mr. Williams to produce a urine sample for drug testing. Officer Orndorff's statement supports the conclusion that Mr. Williams affirmatively refused that order and forced the prison staff to detain him until a nurse could collect a blood sample instead.

Combined, the two documents are "some evidence" supporting the conclusion that Mr. Williams refused to provide an adequate sample in the manner ordered by staff. *See* dkt. 5-9 at § 203. This is true even if Mr. Williams ultimately provided a blood sample to the nursing staff, as he contended in his administrative appeal, because the evidence indicates Mr. Williams failed

4

to produce the sample Officer Wilson ordered him to produce. It is also true despite Officer Orndorff's strange statement that "Offender Williams asked to submit to a drug screen." Dkt. 5-2. The Court presumes this is an error and that Officer Orndorff intended to write that Mr. Williams "*was* asked to submit to a drug screen." *See id.* Regardless, Officer Orndorff's statement indicates that Mr. Williams refused to submit to screening as ordered and therefore supports the hearing officer's conclusion. This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Williams' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Williams' petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHAWN WILLIAMS
178128
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov